Todd M. Friedman (216752)
Adrian R. Bacon (280332)
Law Offices of Todd M. Friedman, P.C.
324 S. Beverly Dr. #725
Beverly Hills, CA 90212
Phone: (877) 206-4741
Fax: (866) 633-0228
tfriedman@toddflaw.com.com
abacon@toddflaw.com
Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW TYE, HARRY SCHMOLL, MICHAEL WILCOX, CRAIG LAMSTER and TANYA THOMPSON MULLINS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WAL-MART STORES, INC., and WAL-MART STORES EAST, L.P.,<br><br>Defendants. | Case No. 8:15-cv-01615-DOC-JCG<br><br>Date: April 25, 2016<br>Time: 8:30 a.m.<br>Courtroom: 9D<br><br>The Honorable David O. Carter |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED CLASS ACTION COMPLAINT**

# TABLE OF CONTENTS

Page(s)

Table of Authorities.................................................................iii-vi

Introduction to the Action...............................................................1

Summary of Argument...................................................................2

I.    DEFENDANTS' ARGUMENT THAT PLAINTIFFS MUST
      PLEAD GREATER DETAIL REGARDING THE SPECIFIC
      TESTING CONDUCTED BY PLAINTIFFS' EXPERT IS BOTH
      CONTRARY TO LAW AND IGNORES THE DETAILED
      FACTUAL ALLEGATIONS ALREADY CONTAINED IN THE
      COMPLAINT.......................................................................3

      A. Defendants Misconstrue Federal Pleading Requirements...................5

      B. Plaintiffs' Complaint Alleges Sufficient Facts to Raise a
         Facially Plausible Claim that Defendants' Product Contains
         No Pork........................................................................7

II.   PLAINTIFFS' COMPLAINT PLEADS FACTS WHICH ARE
      NOT "MERELY CONSISTENT" WITH LIABILITY, BUT
      RATHER WHICH CLEARLY STATE A PLAUSIBLE CLAIM
      FOR LIABILITY..................................................................11

III.  PLAINTIFFS HAVE MET THE REQUIREMENTS OF
      FED.R.CIV.P. 9 FOR THOSE COUNTS WHICH ARE
      FRAUD-BASED...................................................................13

IV.   COUNTS I AND II PROPERLY STATE CLAIMS FOR
      BREACH OF WARRANTY AND UNJUST ENRICHMENT.................16

V.    DEFENDANTS' REQUEST TO DISMISS THE NATIONWIDE
      CLASS ALLEGATIONS ON A FED.R.CIV.P. 12(b)(6) MOTION
      IS PREMATURE..................................................................18

VI.   PLAINTIFFS' CLAIMS ARE NOT PREEMPTED BY
      FEDERAL LAW..................................................................20

i

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

A. Defendants Must Overcome a Presumption Against Preemption...........20

B. State Law Claims for Breach of Warranty are Not Subject to
   Federal Preemption.................................................................21

C. The FDCA Does Not Preempt Any of Plaintiffs' Claims
   Because the State Law Claims Relating to the Product's
   Nutrition Label are Based on the Violation of Federal
   Labeling Requirements...........................................................22

Conclusion.................................................................................25

## TABLE OF AUTHORITIES

### CASES

Page(s)

Ackerman v. Coca-Cola Co., No. CV-09-0395 (JG) (RML), 2010
U.S. Dist. LEXIS 73156, at *20 (E.D.N.Y. July 21, 2010)..........................21, 22

Bell Atlantic v. Twombly, 550 U.S. 544 (2007)...............................2, 3, 4, 5, 6

Bertrand v. Eli Lilly & Co., No. 12-0853, 2013 U.S. Dist.
LEXIS 114386, at *21 (W.D. La. Mar. 13, 2013)...............................5

Black v. Ritz-Carlton Hotel Co., LLC, 977 F. Supp. 2d 996,
1010 (C.D. Cal. 2013)............................................9

Chapdelaine Corporate Sec. & Co. v. Depository Trust & Clearing Corp.,
2006 U.S. Dist. LEXIS 49273, *8, 2006-2 Trade Cas. (CCH) P75, 361
(S.D.N.Y. July 13, 2006)..........................................7

Chavez v. Blue Sky Nat. Bev. Co., 268 F.R.D. 365 (N.D. Cal. 2010)................24

Chicago & N.W. Transp. Co. v. Kalo Brick & Tile Co.,
450 U.S. 311, 317 (1981)...........................................21

Cipollone v. Liggett Grp., 505 U.S. 504, 525, 112 S. Ct. 2608, 2622 (1992).........22

Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997)............................14

Erickson v. Pardus, 551 U.S. 89, 93 (2007)....................................5

Farias v. AMTRAK, No. SA CV 15-0633 DOC (AJWx) 2015 U.S.
Dist. LEXIS 105488, at *6 (C.D. Cal. Aug. 11, 2015)..............................4

Granfield v. NVIDIA Corp., C-11-05403 JW, 2012 U.S.
Dist. LEXIS 98678, *10 (N.D. Cal. July 11, 2012)...................................20

In re Pepsico, Inc., 588 F. Supp. 2d 527, 532 (S.D.N.Y. 2008)........................23

Jones v. Rath Packing Co., 430 U.S. 519, 525 (1977)................................21

iii

Koenig v. Boulder Brands, Inc., 995 F. Supp. 2d 274, 280 (S.D.N.Y. 2014)……...23

Kurtzman v. Compaq Computer Corp., 2000 U.S. Dist.
LEXIS 22476, *71 (S.D. Tex. Dec. 12, 2000)……………………………………7

Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031
(9th Cir. 2008)……………………………………………………………………4

McGarry v. Pallito, Civil Action No. 1:09-CV-128,
2013 U.S. Dist. LEXIS 93715, at *22 n.8 (D. Vt. May 22, 2013)………………..6

Medtronic, Inc. v. Lohr, 518 U.S. 470, 485 (1996)………………………………...20

Morales v. Unilever U.S., Inc., No. 2:13-2213, 2014 U.S. Dist.
LEXIS 49336, *18-19 (E.D. Cal. April 9, 2014)………………………………...20

Pardini v. Unilever United States, Inc., 961 F. Supp. 2d 1048, 1061
(N.D. Cal. 2013)…………………………………………………………………20

Perea v. Walgreen Co., 939 F. Supp. 2d 1026, 1031 (C.D. Cal. 2013)……………8

Petersen v. Allstate Indem. Co., 281 F.R.D. 431, 419 (C.D. Cal. 2012)…………..14

Pitre v. Yamaha Motor Co., Civil Action No. 13-5327 Section
"G"(1), 2014 U.S. Dist. LEXIS 138635 (E.D. La. Sept. 30, 2014)……………17, 18

Pitts v. Terrible Herbst, Inc., 653 F.3d 1081, 1094 n.5 (9th Cir. 2011)…………..19

Pom Wonderful LLC v. Ocean Spray Cranberries, Inc.,
642 F. Supp. 2d 1112, 1122 (C.D. Cal. 2009)…………………………………...23

Reynolds v. Whole Foods Stores, Inc., 2015 U.S. Dist. LEXIS 53405,
*23 (N.D. Fla. Apr. 23, 2015)…………………………………………………...23

United States ex rel. Grubbs v. Ravikumar Kanneganti,
565 F.3d 180, 190 (5th Cir. 2009)………………………………………………...6

Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935, 942 (9th Cir. 2009)…….18

Waldo v. Eli Lilly & Co., 2013 U.S. Dist. LEXIS 145772,
at *17-18 (E.D. Cal. Oct. 7, 2013)………………………………………………...6

iv

Whitson v. Bumbo, Ltd., No. C 07-05597 MHP, 2008 U.S. Dist.
LEXIS 39062, at *2 (N.D. Cal. May 8, 2008).................................................19

Wyeth v. Levine, 555 U.S. 555, 565 (2009)..............................................20

Yuckming Chiu v. Citrix Sys., No. SA CV 11-1121 DOC (RNBx),
2011 U.S. Dist. LEXIS 151365, at *7 (C.D. Cal. Nov. 23, 2011)...................7, 19

**STATUTES**

**Page(s)**

21 C.F.R. 101.9(c)...............................................................................10

21 C.F.R. 101.9(g)(2).......................................................................9, 10

21 U.S.C. § 331(b)...............................................................................24

21 U.S.C. §343(a)................................................................................24

21 U.S.C. § 343-1(a)(1)-(5).................................................................22

Fed.R.Civ.P. 8...............................................................2, 6, 14, 16, 17

Fed.R.Civ.P. 9...............................................................2, 4, 13, 14, 16

Fed.R.Civ.P. 9(b)...............................................................................16

Fed.R.Civ.P. 12............................................................................17, 20

Fed.R.Civ.P. 12(b)(6)..................................2, 3, 4, 5, 8, 9, 11, 16, 17, 18, 25

Fed.R.Civ.P. 23..........................................................................2, 3, 18

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**OTHER**

**Page(s)**

Final Rule, Beverages: Bottled Water, 60 Fed. Reg. 57076, 57120
(Nov. 13, 1995)..................................................................................22

U.S. Food and Drug Admin. CPG Sec. 567.200.......................................13

### Introduction to the Action

This is a proposed class action, brought on behalf of all those who purchased Walmart's store-brand **"Great Value Pork & Beans in Tomato Sauce,"** ("the Product") in a Walmart store located in the United States, between October 7, 2009 and the present. This action is also brought on behalf of five proposed state sub-classes, each composed of all those who purchased the Product at a Walmart store located in California, New Jersey, Pennsylvania, New York and Illinois, respectively, between October 7, 2009 and the present. Each of the five named Plaintiffs resides in one of these five states, and each Plaintiff purchased one or more containers of the Product during the proposed class period at a Walmart store located in the state in which that Plaintiff resides.

The Product is a Walmart store-brand food product which is distributed by Defendants and is sold exclusively by Defendants at Walmart stores. Despite the inclusion of the words **"Pork & Beans"** in the name of the Product itself, and despite the fact that the **"INGREDIENTS"** section on the label on each and every container of the product lists **"Pork"** as an ingredient of the product, rigorous scientific testing has revealed that the Product actually contains no pork whatsoever. Thus, each and every can of the Product bears a uniformly-worded label which makes the same false, affirmative statements of fact: that pork is included in the Product. Defendants have been fully aware that the Product actually contains no pork at all since its inception.

The complaint seeks injunctive, declaratory and monetary relief for Plaintiffs, the five proposed State Sub-Classes and the Nationwide Class, as outlined in greater detail in the First Amended Complaint ("FAC"). The claims pleaded include two claims on behalf of Plaintiffs and the proposed Nationwide Class: Count I (breach of warranty) and Count II (unjust enrichment). The remainder of the twenty-two counts pleaded are brought on behalf of the various named Plaintiffs and the proposed state sub-class that particular named Plaintiff seeks to represent, and include state law claims applicable to purchases in the state where the particular Plaintiff and state sub-class members reside.

**Summary of Argument**

Defendants' motion to dismiss consists of three elements: 1) ignoring and/or denying the facts actually pleaded in the complaint; 2) demanding a level of "hyper-specificity" that neither <u>Twombly</u> – nor any other authority – requires to successfully state a claim at the pleading stage; and 3) making a preemptive attack on the Fed.R.Civ.P. 23 issues in this matter, at a time before any class certification motion has been filed and when there has been no briefing or discovery relating to class certification issues.

For the reasons spelled out in detail in the subsequent sections of this memorandum, Defendants' arguments in favor of their Fed.R.Civ.P. 12(b)(6) motion are without merit. Plaintiffs' FAC is forty-seven pages long and contains far more factual detail than is required by either Fed.R.Civ.P. 8 or 9. Accepting the facts

actually pleaded in the FAC as true on this motion, as is required on a motion brought under Fed.R.Civ.P. 12(b)(6), it is abundantly clear that the FAC meets all requirements to state viable claims against Defendants. As for Defendants' premature arguments regarding class certification, this is not the appropriate stage to resolve such Fed.R.Civ.P. 23 issues. Whether or not a class will eventually be certified, who will be in that class or classes, and whether a proposed named plaintiff can represent such a class, are all issues that will be decided on a motion for class certification, after class discovery and briefing of the class issues.

To borrow the wording of post-<u>Twombly</u> cases, Plaintiffs' complaint **"presents a story that holds together"** and puts Defendants on notice of the precise claims asserted against them. If the Court disagrees, Plaintiffs will be happy to amend their pleading to provide any additional factual details which the Court deems to be appropriate. Plaintiffs submit, however, that the FAC meets federal pleading requirements and that Defendants' motion to dismiss should be denied in its entirety.

**I.    DEFENDANTS' ARGUMENT THAT PLAINTIFFS MUST PLEAD GREATER DETAIL REGARDING THE SPECIFIC TESTING CONDUCTED BY PLAINTIFFS' EXPERT IS BOTH CONTRARY TO LAW AND IGNORES THE DETAILED FACTUAL ALLEGATIONS ALREADY CONTAINED IN THE COMPLAINT**

The first argument advanced by Defendants is the erroneous contention that

1   Plaintiffs' complaint should be dismissed with prejudice[1] because the complaint does

2   not plead in detail the specific testing utilized by Plaintiffs' experts to determine that

3

4   Defendants' product contains no pork whatsoever. In making this argument,

5   Defendants are attempting to stretch the holding of Bell Atlantic v. Twombly, 550

6   U.S. 544 (2007) and Fed.R.Civ.P. 9[2] well beyond their breaking point. Indeed,

7

8   Defendants essentially argue that, in order to survive a motion to dismiss under

9   Fed.R.Civ.P. 12(b)(6), Plaintiffs must actually prove the factual allegations of the

10  complaint by either 1) attaching an expert report from the testing lab utilized by

11

12  Plaintiffs or 2) by paraphrasing the contents of such an expert report in the complaint.

13  Defendants' demand for "hyper-specificity" as to testing done by Plaintiffs' experts

14  is contrary to law and goes far beyond what is required at the pleading stage.

15

16  Moreover, contrary to the premise of Defendants' argument, the FAC does plead –

17  not only the facts on which Plaintiffs' claims are based – but also specific information

18  regarding the testing which supports those alleged facts, in far greater detail than what

19

20  is required by the federal rules. According, Defendants' argument is without merit.

21

22

23  [1] Defendants' request for dismissal with prejudice is contrary to law. If the Court disagrees with Plaintiffs and believes that greater detail is required in the complaint, Plaintiffs will amend their pleading to provide any additional factual information the Court deems to be appropriate. Defendants' assertion that Plaintiffs should not be given such an opportunity to cure any defects found by the Court conflicts with black letter law. See Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031 (9th Cir. 2008) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment."); Farias v. AMTRAK, No. SA CV 15-0633 DOC (AJWx) 2015 U.S. Dist. LEXIS 105488, at *6 (C.D. Cal. Aug. 11, 2015)(Judge Carter) ("Dismissal without leave to amend is appropriate only when the court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment.")

24

25

26

27

28  [2] As outlined in greater detail in Section III, infra, Fed.R.Civ.P. 9 does not even apply to many of the claims pleaded, including the breach of warranty claims, breach of contracts claims, and unjust enrichment claims pleaded in the complaint. See First Amended Complaint at Counts I, II, IX, XI, XII, XV, XVI, XIX, XXI and XXII.

4

## A. Defendants Misconstrue Federal Pleading Requirements

Contrary to the impression created by Defendants' motion, the United States Supreme Court in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) expressly declined to impose a "heightened" pleading standard in federal court. See Twombly, 550 U.S. at 569, n.14. In Twombly, the Supreme Court explained that to survive a motion to dismiss under Rule 12(b)(6), a complaint **"does not need detailed factual allegations,"** and that a plaintiff's obligation is only to provide **"sufficient factual allegations 'to raise a right to relief above the speculative level.'"** Twombly, 550 U.S. at 555. As reiterated by the United States Supreme Court in Erickson v. Pardus, 551 U.S. 89, 93 (2007):

> **"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"** (emphasis added)

Nothing in Twombly or its progeny requires Plaintiffs' complaint to plead exactly what scientific tests were performed by Plaintiffs' experts on Defendants' product, let alone to do so in the excruciating detail demanded in Defendants' motion. See e.g. Bertrand v. Eli Lilly & Co., No. 12-0853, 2013 U.S. Dist. LEXIS 114386, at *21 (W.D. La. Mar. 13, 2013), which applied Fifth Circuit precedent – which takes a far more restrictive approach than has been taken by the Ninth Circuit – to conclusively reject an argument that Twombly and Iqbal required a complaint in a defective drug case to plead the specific scientific tests used to prove the defect, stating:

5

1       "<u>Counsel went on to argue that the only way that could be done in a</u>
2       <u>pharmaceutical case was for the plaintiff to cite specific medical/scientific tests</u>
      <u>which showed the defect</u>. In other words, defendant argues that the plaintiff
3       must come forward with a summary judgment type evidence at the initial
      pleading stage. The practical effect of such a requirement would be to essentially
4       preclude pharmaceutical cases under the LPLA in federal court because of
      <u>Iqbal</u> and <u>Twombly</u>. <u>Neither Iqbal, Twombly nor Rule 8 require such specificity</u>
5       <u>at the initial pleading stage. In fact, Iqbal, Twombly and Lormand make it clear</u>
      <u>that a much less strict standard, that of mere plausibility, is all that is required</u>
6       <u>at the pleading stage</u>." (emphasis added)

7
    See also <u>Waldo v. Eli Lilly & Co</u>., 2013 U.S. Dist. LEXIS 145772, at *17-18 (E.D.
8
9 Cal. Oct. 7, 2013), rejecting an argument that <u>Twombly</u> required a plaintiff to plead

10 what specific tests defendant should have performed, noting:

11
12       "Contrary to Eli Lilly's assertions, these are not conclusory allegations of the
      type forbidden by <u>Iqbal</u> and <u>Twombly</u>. <u>At the pleadings stage, Waldo need not,</u>
13       <u>e.g., detail with specificity what tests Eli Lilly should have undertaken</u> or what
      information it should have provided physicians regarding product risks."
14       (emphasis added)

15     See also <u>McGarry v. Pallito</u>, Civil Action No. 1:09-CV-128, 2013 U.S. Dist. LEXIS
16
17 93715, at *22 n.8 (D. Vt. May 22, 2013) (rejecting the argument that the complaint

18 failed to satisfy <u>Twombly</u> because it did not describe the expert medical evidence

19 which linked plaintiff's disease to his working conditions, stating "**There is no need**

20 **for medical expert testimony at the pleading stage.**")
21
22     Defendants' argument that Plaintiffs' complaint must plead the specific tests

23 undertaken by Plaintiffs' experts represents a wholesale assault on the basic pleading
24
25 requirements of Fed.R.Civ.P. 8 and 9. These pleading rules require the complaint to

26 plead <u>only the facts</u>, *not* the evidence which will be used to prove those facts at trial.

27 See <u>United States ex rel. Grubbs v. Ravikumar Kanneganti</u>, 565 F.3d 180, 190 (5th
28

Cir. 2009) (rejecting an argument that a plaintiff must plead evidence of false claims because, **"[t]o require these details at pleading is one small step shy of requiring production of actual documentation with the complaint, a level of proof not demanded to win at trial and significantly more than any federal pleading rule contemplates"**); Kurtzman v. Compaq Computer Corp., 2000 U.S. Dist. LEXIS 22476, *71 (S.D. Tex. Dec. 12, 2000) (**"Rule 9(b) does not require pleading of evidence"**); Chapdelaine Corporate Sec. & Co. v. Depository Trust & Clearing Corp., 2006 U.S. Dist. LEXIS 49273, *8, 2006-2 Trade Cas. (CCH) P75, 361 (S.D.N.Y. July 13, 2006) (**"To comply with Rule 8, a party need not plead evidence."**). Demanding that Plaintiffs plead the particular tests conducted by Plaintiffs' experts goes well beyond what is required at the pleading stage.

### B. Plaintiffs' Complaint Alleges Sufficient Facts to Raise a Facially Plausible Claim that Defendants' Product Contains No Pork

A complaint need not plead every fact known to a plaintiff. Rather, a complaint need only plead enough facts to make the claim facially plausible. See Yuckming Chiu v. Citrix Sys., No. SA CV 11-1121 DOC (RNBx), 2011 U.S. Dist. LEXIS 151365, at *7 (C.D. Cal. Nov. 23, 2011)(Judge Carter) (**"Under Iqbal, the pleading need only allege sufficient facts such that the court can be informed that the plaintiff possesses a 'claim to relief that is plausible on its face.'"**) In the case at bar, Plaintiffs' complaint clearly meets that standard.

First and foremost, with regard to the pork content of Defendants' product, the

FAC pleads as a factual matter that Defendants' product contains <u>no pork whatsoever</u>. <u>See</u> FAC at Paragraphs 4, 6, 57-58. Plaintiffs' complaint makes clear that the factual allegation that the Product contains no pork is not a guess or mere speculation, but rather that it is based on **"rigorous scientific testing, including microscopic and chemical analysis [which] has revealed that the Product contains no pork whatsoever."** FAC at Paragraph 57.  It is submitted that these factual allegations, by themselves, are enough to nudge Plaintiff's complaint beyond the level of mere speculation and to give rise to a plausible claim that the Product contains no pork.

Plaintiffs' complaint, however, does not stop there. In fact, contrary to the premise on which Defendants' flawed argument is built, Plaintiffs' complaint goes on to allege with specificity the source of the protocols and methods used for the testing conducted by Plaintiffs' expert and also names at least one of the multiple scientific tests to which Plaintiffs' experts subjected Defendant's Product. <u>See</u> FAC at Paragraph 58:

> **"58.The testing upon which Plaintiffs rely was conducted in accordance with FDA Protocols and the Official Methods of the Association of Official Analytical Chemists International (AOAC), including the 12-sample method set forth in 21 C.F.R. § 101.9(g)(2). Plaintiffs do not believe that such testing was necessary or required in this case, but they have nevertheless complied with these protocols out of an abundance of caution."**

Defendants' motion refuses to accept these allegations as true, arguing that their motion under Fed.R.Civ.P. 12(b)(6) should be granted because, <u>inter alia</u>, Defendants deny the allegation that the Product contains no pork whatsoever. It is impermissible for Defendants to seek dismissal under Fed.R.Civ.P. 12(b)(6), simply because

Defendants deny or dispute the facts alleged in the complaint. <u>See</u> <u>e.g.</u> <u>Perea v. Walgreen Co.</u>, 939 F. Supp. 2d 1026, 1031 (C.D. Cal. 2013)(Judge Carter) (**"On a motion to dismiss, the court accepts as true a plaintiff's well-pled factual allegations and construes all factual inferences in the light most favorable to the plaintiff."**). It is especially inappropriate for the Defendants to seek to rely upon extraneous materials not included or attached to the complaint in their Fed.R.Civ.P. 12(b)(6) motion, such as the alleged "recipe"[3]  which Defendants contend the non-party manufacturer of Defendants' Product used, or was allegedly told to use, in making the Product. <u>See</u> <u>Black v. Ritz-Carlton Hotel Co.</u>, LLC, 977 F. Supp. 2d 996, 1010 (C.D. Cal. 2013)(Judge Carter) (**"In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint."**)

Defendants also contend that the 12 sample testing protocol described in Paragraph 58 of the FAC is the "wrong" test to determine pork content.[4] Defendants are mistaken. 21 C.F.R. 101.9(g)(2) provides that **"The sample for nutrient analysis**

---

[3] Defendants' attempt to use this alleged "recipe" to support a motion to dismiss is misplaced  and should be rejected. Moreover, this alleged recipe is clearly <u>not</u> evidence of what is actually in the product, any more than the false statements on the product label itself – with also states that the product contains "pork" – is such evidence.  At most, the recipe may be evidence of what <u>should</u> have been in the product, or what someone may have told someone else to put in the product.  Plaintiffs' claims are based on what the scientific testing conducted by Plaintiffs' experts found is <u>actually</u> in the product; in contrast to what Defendants say is, or should be, in the product.

[4] Defendants also ignore the fact, stated with clarity in Paragraphs 57 and 58, that the 21 C.F.R. § 101.9(g)(2) 12 sample method testing protocol described was <u>only one of several tests conducted</u>, all of which – as alleged – were conducted **"in accordance with FDA Protocols and the Official Methods of the Association of Official Analytical Chemists International (AOAC)…"** To the extent that Defendants want to know more about the testing done by Plaintiffs' experts, that is the purpose of expert discovery.

shall consist of a composite of 12 subsamples (consumer units), taken 1 from each of 12 different randomly chosen shipping cases, to be representative of a lot." 21 C.F.R. 101.9(g)(2) goes on to provide that **"Unless a particular method of analysis is specified in paragraph (c) of this section, <u>composites shall be analyzed by appropriate methods as given in the 'Official Methods of Analysis of the AOAC International,' 15th Ed. (1990), which is incorporated by reference</u> in accordance with 5 U.S.C. 552(a) or 1 CFR part 51 or, <u>if no AOAC method is available or appropriate, by other reliable and appropriate analytical procedures.</u>" (emphasis added)** 21 C.F.R. 101.9(c) does not provide a specific method of testing for "pork." Thus, the plain language of 21 C.F.R. 101.9(g)(2) authorizes the use of the 12 sample testing method, tested according to **"appropriate methods as given in the 'Official Methods of Analysis of the AOAC International'... [and] if no AOAC method is available or appropriate, by other reliable and appropriate analytical procedures."** As noted above, the FAC specifically pleads that Plaintiffs' experts tested the yogurt using the 12 sample protocol and conducted tests according to AOAC protocols and methods, as authorized by 21 C.F.R. 101.9(g)(2). See FAC at Paragraph 58.

More importantly, Defendants' arguments misperceive the standard on a motion to dismiss under the federal rules. During the course of this litigation, Defendants are obviously free to dispute the facts alleged in the complaint, or to challenge the testing methodology used by Plaintiffs' experts. But the current motion

is simply not the forum for deciding such disputed issues of fact. Nor is a motion to dismiss the proper place to ask the Court to settle disputes as to which scientific tests are, or are not, reliable and how much weight to accord various tests and expert opinions. Any such disputes will be settled at either summary judgment or trial, after the opportunity for discovery; including the exchange of expert reports and the opportunity to depose each party's experts. At the pleading stage, Plaintiffs have more than adequately pleaded the fact that the Product contains no pork whatsoever and the complaint provides a more than adequate factual basis for the plausibility of that allegation.

## II.   PLAINTIFFS' COMPLAINT PLEADS FACTS WHICH ARE NOT "MERELY CONSISTENT" WITH LIABILITY, BUT RATHER PLEADS FACTS WHICH CLEARLY STATE A PLAUSIBLE CLAIM FOR LIABILITY

Defendants' argument that Plaintiffs' complaint plead facts which are "merely consistent" with liability is without merit. Like most of Defendants' argument, that argument is based on a series of straw man arguments that simply ignore or deny the factual allegations actually pleaded in the FAC. Plaintiff's allegations do not leave open any gap between "possibility" and "plausibility." Rather, the FAC pleads facts which, if accepted as true – as they must be on a motion under Fed.R.Civ.P. 12(b)(6) – conclusively establish that Defendants are liable for, inter alia, misrepresentation, consumer fraud and the other claims pleaded.

It is undisputed that the Product is named **"Pork and Beans."** <u>See</u> FAC at Paragraphs 4 and 55, as well as Figure 1 to Paragraph 55. It is undisputed that the label on the Product states that the Product contains at least some pork. <u>See</u> FAC at Paragraphs 4 and 56, as well as Figure 2 to Paragraph 56.  Those undisputed facts, coupled with the factual allegation that **"the Product contains no pork whatsoever"** (FAC at Paragraph 57) and the allegation that Defendants were aware of this fact (FAC at 59), makes out a rather obvious viable claim for, <u>inter</u> <u>alia</u>, intentional misrepresentation.

Indeed, Plaintiffs' complaint is built on the basic, common sense proposition that it is misleading to the average consumer for Defendants to tell consumers that a Product which has the word **"Pork"** in its name – and which lists **"pork"** as an ingredient on the label – when the Product actually contains no pork whatsoever. Put more simply, the facts pleaded – accepted as true at this juncture – amply establish, not merely that Defendants *may* be liable, but that they *are* liable for misrepresenting what is in the Product.

The other arguments raised by Defendants are similarly without merit. Defendants' argument that the ingredient list on the Product **"clarifies"** that the Product **"contains 'less than 2% of ... pork'"** tries to force a round peg into a square whole. It is an attempt which completely ignores both the facts pleaded in the FAC and the law. Contrary to the erroneous impression which Defendants' argument seeks to create, Plaintiffs <u>do not</u> allege that the Product fails to contain **"enough"** pork.

12

Rather, the gravamen of Plaintiffs' factual allegation is that **"the Product contains no pork whatsoever."** FAC at Paragraph 57.

Similarly, Defendants make a failed attempt to invoke the FDA's CPG Sec. 567.200 labeling guidance in their favor, by quoting the FDA's determination **"that the designation 'Beans with Pork or 'Pork and Beans' is the common or usual name for an article of commerce that contains very little pork."** Defendants' Memo at 17-18. Once again, Defendants are trying to defend by saying that the Product is not required to contain a great deal of pork. But the FAC <u>does not</u> allege that the Product contains only a small amount of pork. Rather, the complaint alleges that **"the Product contains no pork whatsoever."** FAC at Paragraph 57. As Defendants' own filing establishes, the FDA has stated that, while a pork and bean product does not need to contain a great deal of pork, it must still be made **"with pork."** In other words, a product which contains no pork whatsoever cannot comply with the FDA's CPG Sec. 567.200.

Thus, the FAC goes well beyond alleging facts which are "merely consistent" with liability, or which "suggest" liability. If the facts pleaded in the FAC are accepted as true, then Defendants are liable on the claims pleaded.

**III.   PLAINTIFFS HAVE MET THE REQUIREMENTS OF FED.R.CIV.P. 9 FOR THOSE COUNTS WHICH ARE FRAUD-BASED**

Defendants' argument as to Fed.R.Civ.P. 9 is without merit. First, Fed.R.Civ.P. 9 does not even apply to many of the claims pleaded in the FAC. These include the

13

various breach of warranty claims (Counts I, IX, XI, XV, XIX, and XXI), breach of implied contract claims (Counts XII, XVI, XXII) and the claim of unjust enrichment (Count II). None of these claims include fraud as a required element and they are subject to Fed.R.Civ.P. 8 standards, not Fed.R.Civ.P. 9. Second, even as to those claims to which Fed.R.Civ.P. 9 does apply, the FAC contains facts which amply meet the rule's requirements.

In order to satisfy Fed.R.Civ.P. 9, the complaint must set forth the required **"who, what, when, where, and how"** of the fraud alleged. Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997). See also Petersen v. Allstate Indem. Co., 281 F.R.D. 431, 419 (C.D. Cal. 2012) (**"Plaintiff has pled what the fraud was, how it was accomplished, and why the Defendant's statements are false"**). In the case at bar, Plaintiffs' FAC meets this standard by a wide margin.

The FAC pleads not only the exact wording of the allegedly false statements, the FAC also includes photographs of the actual Product label itself, which contains pictures of those false written statements. See e.g. FAC at Paragraph 55:

> **"Since the initial offering of the Product, each and every label on this Product has borne a uniformly-worded label which identifies the name of the Product in large letters as 'Great Value _Pork_ & Beans in Tomato Sauce,' as depicted in Figure 1, below." (emphasis added)**

See also Paragraph 56:

> **"Since the initial offering of the Product, each and every label on this Product has borne a uniformly-worded label which includes, inter alia, the word '_PORK_' under the word 'INGREDIENTS,' as depicted in Figure 2, below." (emphasis added)**

The FAC explains exactly how and why those statements by Defendants' were false. See e.g. Paragraphs 57-58:

"57. In actuality, rigorous scientific testing, including microscopic and chemical analysis, has revealed that <u>the Product contains no pork whatsoever.</u>

58. The testing upon which Plaintiffs rely was conducted in accordance with FDA Protocols and the Official Methods of the Association of Official Analytical Chemists International (AOAC), including the 12-sample method set forth in 21 C.F.R. § 101.9(g)(2). Plaintiffs do not believe that such testing was necessary or required in this case, but they have nevertheless complied with these protocols out of an abundance of caution." (emphasis added)

See also FAC at Paragraph 4:

"Despite the inclusion of the words 'Pork & Beans' in the name of the Product itself, and despite the fact that the 'INGREDIENTS' section on the label on each and every container of the product lists 'Pork' as an ingredient of the product, rigorous scientific testing has revealed that the Product actually contains no pork whatsoever."

The FAC also pleads the dates when each Plaintiff purchased the Product and the address of the specific Walmart store – and the store number – where each Plaintiff purchased the Product. Indeed, for those Plaintiffs who kept their receipts, the complaint even includes – as an attachment – the receipts memorializing that Plaintiff's purchase. See e.g. FAC at Paragraph 14:

"Specifically, Plaintiff Schmoll purchased the Product at Walmart Store #5340 located in Cherry Hill, New Jersey, on various dates between October 7, 2009 and the present, including on August 30, 2015, when Plaintiff Schmoll purchased three cans of the product at this location. See Attachment B, Receipt dated August 30, 2015."

The FAC also pleads the exact role of Defendants in the alleged misconduct, including documentary evidence from the Product label itself which established that role. See e.g. FAC at Paragraph 24: **"The uniformly-worded label on the product**

15

admits, <u>inter alia</u>, that the product was 'DISTRIBUTED BY: Wal-Mart Stores, Inc.'" <u>See</u> <u>also</u> FAC at Paragraph 26:

> "Together, Defendants Wal-Mart Stores, Inc. and Wal-Mart Stores East, L.P. (collectively 'Walmart') jointly distributed, advertised, labeled, sold and/or manufactured the product in, <u>inter alia</u>, California, New Jersey, Pennsylvania, New York and Illinois, with each defendant jointly determining that each such container of the product would bear the name 'Great Value Pork & Beans in Tomato Sauce' and would list 'PORK' under the portion of the product label marked 'INGREDIENTS.'"

Accordingly, Defendants clearly understand the exact nature of the accusations against them and the alleged fraud is pleaded with more than enough specificity to meet the demands of Fed.R.Civ.P. 9.

## IV. COUNTS I AND II PROPERLY STATE CLAIMS FOR BREACH OF WARRANTY AND UNJUST ENRICHMENT

In Counts I and II of the FAC, Plaintiffs bring claims on behalf of both themselves and a proposed nationwide class for breach of warranty and unjust enrichment. Defendants argue that Counts I and II should be dismissed under Rule 12(b)(6). <u>See</u> Defendants' Memo at 11. Defendants' arguments in support of dismissal of these counts under Fed.R.Civ.P. 12(b)(6) are erroneous.

Defendants concede that Fed.R.Civ.P. 9(b) does not apply to Counts I and II. <u>See</u> Defendants' Memo at 10. Thus, Plaintiffs need only meet the requirements of Fed.R.Civ.P. 8 with regard to Counts I and II. Plaintiffs have clearly done so. Indeed, the facts that support Counts I and II are <u>the same facts</u> which support Plaintiffs' other breach of warranty and unjust enrichment claims in Counts IX, XI, XV, XIX, XXI;

claims which Defendants admit set forth valid claims and which Defendants concede Plaintiffs have standing to bring. <u>See</u> Defendants' Memo at 12.

Defendants contend, however, that the breach of warranty and unjust enrichment claims in Counts I and II somehow stand on a different footing because they are pleaded on behalf of a nationwide – rather than a state-wide – class. Simply put, Defendants <u>are not</u> arguing that Plaintiffs have failed to properly plead a viable claim of breach of warranty or unjust enrichment. Rather, what Defendants are seeking to dispute on this Fed.R.Civ.P. 12(b)(6) motion is whether Plaintiffs can bring such claims on behalf of a nationwide class.

Such an argument, however, has nothing to do with Fed.R.Civ.P. 8 or 12. Defendants are making an improper preemptive attack on class certification, disguised as part of a motion to dismiss. As outlined by Plaintiffs in Section V, <u>infra</u>, clearly established Ninth Circuit law holds that such a preemptive attack on class certification issues is premature. Indeed, in one of the very cases cited by Defendants, <u>Pitre v. Yamaha Motor Co.</u>, Civil Action No. 13-5327 Section "G"(1), 2014 U.S. Dist. LEXIS 138635 (E.D. La. Sept. 30, 2014), the court rejected an argument very similar to one being raised on this motion by Defendants in the case at bar. There, as here, the defendant moved to dismiss a claim pleaded on behalf of a proposed nation-wide class, arguing that the named plaintiff had standing only to bring a claim under the law of their home state. The court in <u>Pitre</u> refused to dismiss the nationwide claim at the pleading stage, holding that as long as the named Louisiana plaintiffs had standing

to bring a claim under Louisiana law, it would be premature for the court to dismiss the nationwide class claims on a motion to dismiss. See Pitre, at *62-63, where the court stated:

> "the parties have not briefed the Court on the issue of class certification, and the Court will not speculate about the relationship between Plaintiffs' surviving claims and the applicability of Federal Rule of Civil Procedure 23 absent further discovery and briefing on the issue."

The same analysis applies in the case at bar. At a minimum – as Defendants concede – Plaintiffs have pleaded viable claims for unjust enrichment and breach of warranty on behalf of themselves. Whether the Plaintiffs can also represent a nationwide class on claims of unjust enrichment and breach of warranty will be determined by the Court later. Currently, however, Counts I and II state perfectly viable claims for breach of warranty and unjust enrichment on behalf of the Plaintiffs themselves and that is enough to survive a motion to dismiss.

## V.   DEFENDANTS' REQUEST TO DISMISS THE NATIONWIDE CLASS ALLEGATIONS ON A FED.R.CIV.P. 12(b)(6) MOTION IS PREMATURE

It is well-established that the place to decide whether a class will be certified is on a  class certification motion under Fed.R.Civ.P. 23, after the opportunity for class discovery and after full briefing of the class issues. See Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935, 942 (9th Cir. 2009) ("the pleadings alone will not resolve the question of class certification," and therefore "'the better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action [is] maintainable.'" ); Pitts v.

Terrible Herbst, Inc., 653 F.3d 1081, 1094 n.5 (9th Cir. 2011) (it is an abuse of discretion to dismiss class action if **"propriety of a class action cannot be determined . . . without discovery"**) (citations omitted).

Despite this, Defendants in the case at bar have opted to make a preemptive strike on the class allegations of the FAC as part of a motion to dismiss; a tactic which has been repeatedly rejected as premature. See Yuckming Chiu v. Citrix Sys., No. SA CV 11-1121 DOC (RNBx), 2011 U.S. Dist. LEXIS 151365, at *6 (C.D. Cal. Nov. 23, 2011)(Judge Carter), denying motion to strike class action allegations as premature, stating:

> **"As an initial matter, Defendant argues that Plaintiff's allegations fall short of alleging the requirements to assert a class action. Mot. at 2. <u>The Court does not address this issue because it would be better addressed through a fully-briefed class certification hearing than on this motion to dismiss</u> and it is not plain from the face of the complaint that Plaintiff's class action allegations fail." (emphasis added)**

See also Whitson v. Bumbo, Ltd., No. C 07-05597 MHP, 2008 U.S. Dist. LEXIS 39062, at *2 (N.D. Cal. May 8, 2008), denying motion to dismiss nationwide class allegations as premature, stating:

> **"While state to state variations in the law raise questions as to whether a nation-wide class action is manageable for purposes of class certification, the variations do not imply that plaintiff has failed to state a claim under those laws. <u>Defendant's concerns, therefore, are raised prematurely in the present Rule 12(b)(6) motion to dismiss. They will be more timely and appropriately addressed at a later date if and when plaintiff moves for class certification."</u> (emphasis added)**

The cases upon which Defendants rely are inapposite. In each of Defendants' cases, the court dismissed nationwide statutory consumer protection law claims. See

*Pardini v. Unilever United States, Inc.*, 961 F. Supp. 2d 1048, 1061 (N.D. Cal. 2013) (dismissing without prejudice claims under the consumer protection laws of all fifty states where there was only one named plaintiff, who did not allege that she had purchased the product at issue in all fifty states, as required by state consumer protection laws); *Granfield v. NVIDIA Corp.*, C-11-05403 JW, 2012 U.S. Dist. LEXIS 98678, *10 (N.D. Cal. July 11, 2012) (same); *Morales v. Unilever U.S., Inc.*, No. 2:13-2213, 2014 U.S. Dist. LEXIS 49336, *18-19 (E.D. Cal. April 9, 2014) (same). In the case at bar, the <u>only</u> claims pleaded on behalf of the proposed nationwide class are found in Count I and Count II, which plead breach of warranty and unjust enrichment claims, <u>not</u> state statutory claims.

Defendants are free to argue that no nationwide class should be certified, when Plaintiffs actually make a class certification motion and after the parties brief such a motion. The issue on a motion under Fed.R.Civ.P. 12 is whether Plaintiffs have stated a viable claim <u>on behalf of themselves</u>, which they clearly have.

## VI.   PLAINTIFFS' CLAIMS ARE NOT PREEMPTED BY FEDERAL LAW

### A. <u>Defendants Must Overcome a Presumption Against Preemption</u>

Courts recognize a strong presumption against preemption that may be overcome only by **"clear and manifest"** congressional intent to the contrary. *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 485 (1996). As stated in *Wyeth v. Levine*, 555 U.S. 555, 565 (2009) **"we start with the assumption that the historic police powers of the States were not to be superseded by the Federal Act unless that was the**

clear and manifest purpose of Congress." A party seeking preemption of state law thus bears a heavy burden, for **"preemption of state law by federal statute or regulation is not favored 'in the absence of persuasive reasons – either that the nature of the regulated subject matter permits no other conclusion, or that Congress has unmistakably so ordained."** Chicago & N.W. Transp. Co. v. Kalo Brick & Tile Co., 450 U.S. 311, 317 (1981) (citation omitted). This approach **"provides assurance that the 'federal-state balance' will not be disturbed unintentionally by Congress or unnecessarily by the courts."** Jones v. Rath Packing Co., 430 U.S. 519, 525 (1977) (citation omitted). **"The presumption against preemption has been recognized in matters of public health and safety, including the regulation of food and drugs."** Ackerman v. Coca-Cola Co., No. CV-09-0395 (JG) (RML), 2010 U.S. Dist. LEXIS 73156, at *20 (E.D.N.Y. July 21, 2010).

B. **State Law Claims for Breach of Warranty are Not Subject to Federal Preemption**

Federal preemption, where applicable, applies to requirements imposed by state statutes or regulations. State law breach of warranty claims of the type pleaded in the FAC are deemed not to be requirements **"imposed under state law"** because they arise – not from state statutes or regulations – but from a contract between the buyer and seller. Thus, courts have frequently held that breach of warranty claims are outside the scope of any potential federal preemption. See Cipollone v. Liggett Grp.,

1  505 U.S. 504, 525, 112 S. Ct. 2608, 2622 (1992), holding that federal preemption did

2  not bar state law breach of warranty claims because:

3
4      "A manufacturer's liability for breach of an express warranty derives from, and
       is measured by, the terms of that warranty. Accordingly, the 'requirements'
5      imposed by an express warranty claim are not 'imposed under State law,' but
       rather imposed by the warrantor." (emphasis added)
6
7  See also Ackerman v. Coca-Cola Co., No. CV-09-0395 (JG), 2010 U.S. Dist. LEXIS

8  73156 at *23 (E.D.N.Y. July 21, 2010):

9
10     "Further, breach of warranty claims are generally not preempted because they
       are not requirements 'imposed under State law,' but rather imposed by the
11     warrantor."

12     **C.** **The FDCA Does Not Preempt Any of Plaintiffs' Claims Because the**
           **State Law Claims Relating to the Product's Nutrition Label are Based**
13         **on the Violation of Federal Labeling Requirements**

14     The FDCA only expressly preempts state laws which are **"not identical to"**

15
16  federal requirements.  21 U.S.C. § 343-1(a)(1)-(5). In other words, **"claims under**

17  **state laws that parallel the FDCA's requirements are not preempted."** Ackerman

18
19  v. Coca-Cola Co., No. CV-09-0395 (JG) (RML), 2010 U.S. Dist. LEXIS 73156, at

20  *22 (E.D.N.Y. July 21, 2010). As the FDA itself has noted, federal law does not

21  preempt state law claims which merely duplicate federal law requirements or which

22
23  rely on the violation of federal standards. See e.g. Final Rule, Beverages: Bottled

24  Water, 60 Fed. Reg. 57076, 57120 (Nov. 13, 1995):

25     "[I]f the State requirement does the same thing that the Federal law does, even
       if the words are not exactly the same, then it is effectively the same requirement
26     as the Federal requirement . . . . the only State requirements that are subject to
       preemption are those that are affirmatively different from the Federal
27     requirements on matters that are covered by section 403A(a) of the act."
       (emphasis added)
28

                                          22

Where – as here – a state law consumer claim is based on the allegation that underlined federal labeling requirements have been violated, there is no federal preemption of state law claims. See Pom Wonderful LLC v. Ocean Spray Cranberries, Inc., 642 F. Supp.2d 1112, 1122 (C.D. Cal. 2009)(Judge Pregerson) (**"As long as Plaintiff's state claims do not impose different requirements than the FFDCA or FDA regulations, these claims are not preempted."**); Pom Wonderful LLC v. Welch Food, Inc., No. CV 09-567 AHM, 2009 U.S. Dist. LEXIS 133141, at *14 (C.D. Cal. June 23, 2009) (**"denying claims of preemption arising out of the labeling provisions of the FDCA"** and finding **"that the state-based claims that Pom seeks to pursue here are not preempted"** because they do not conflict with federal labeling standards); In re Pepsico, Inc., 588 F. Supp. 2d 527, 532 (S.D.N.Y. 2008) (holding as to FDCA preemption **"state law causes of action are not preempted where they merely provide a damages remedy for claims premised on a violation of federal law that does not itself provide a private right of action."**); Koenig v. Boulder Brands, Inc., 995 F. Supp. 2d 274, 280 (S.D.N.Y. 2014) (**"State laws that impose affirmatively different labeling requirements from federal law in these areas will be preempted. Contrariwise, state laws that seek to impose labeling requirements identical to those required by federal regulations will not be preempted."**); Reynolds v. Whole Foods Stores, Inc., 2015 U.S. Dist. LEXIS 53405, *23 (N.D. Fla. Apr. 23, 2015) (**"By its plain language the NLEA does not preempt state requirements that are identical to federal requirements in the applicable**

23

sections of the FDCA and its implementing regulations.") These principles control the preemption question in the case at bar. The FDCA prohibits the misbranding of any food product. 21 U.S.C. § 331(b) (**"The following acts and the causing thereof are hereby prohibited:…(b) The adulteration or misbranding of any food, drug, device, tobacco product, or cosmetic in interstate commerce."** (emphasis added). A food product is deemed misbranded under the FDCA if, inter alia, its labeling is false or misleading in any particular. 21 U.S.C. §343(a) (**"A food shall be deemed to be misbranded – (a) False or misleading label. If (1) its labeling is false or misleading in any particular…"**) The basis of every state law claim pleaded in Plaintiffs' complaint relating to the nutrition label on Defendants' Product is that Defendants violated the federal labeling standards articulated in 21 U.S.C. § 331(b) and §343(a) by falsely stating on the nutrition label that the Product contains "pork" when, in fact, it does not contain any pork. See FAC, at Paragraphs 56 and 57. Plaintiffs' state law claims do not seek to impose any additional requirements on the accuracy of Defendants' label beyond what is already required under federal law. Thus, Plaintiffs' state law claims relating to the accuracy of Defendants' nutrition label are not in any way preempted. See e.g., Chavez v. Blue Sky Nat. Bev. Co., 268 F.R.D. 365 (N.D. Cal. 2010) (**"The express preemption provision of the FDCA contained in section 343–1 therefore does not preempt the claims arising from false or misleading labels regulated by section 343(a)."**).

**Conclusion**

For the foregoing reasons, Defendants' motion under Fed.R.Civ.P. 12(b)(6) should be denied in its entirety. Alternatively, if the Court believes that any part of the complaint should be pleaded with greater specificity, Plaintiffs should be given an opportunity to file an amended pleading containing any additional details the Court feels are lacking.

Dated: March 9, 2016

By: s/Todd M. Friedman
Todd M. Friedman (SBN: 216752)
**LAW OFFICE OF TODD M. FRIEDMAN**
324 Beverly Dr., #725
Beverly Hills, CA 90212
Tel: (877) 206-4741
Fax: (866) 633-0228
tfriedman@attorneysforconsumers.com
Counsel for Plaintiffs and the Class

Stephen P. DeNittis (admitted *pro hac vice*)
**DeNITTIS OSEFCHEN, P.C.**
5 Greentree Centre
525 Route 73 North, Suite 410
Marlton, NJ 08053

Janine L. Pollack (admitted *pro hac vice*)
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
270 Madison Avenue
New York, NY 10016

Ross H. Schmierer (admitted *pro hac vice*)
**PARIS ACKERMAN & SCHMIERER, LLP**
103 Eisenhower Parkway
Roseland, NJ 07068

Richard J. Lantinberg (admitted *pro hac vice*)
**THE WILNER FIRM**
444 E. Duval Street
Jacksonville, FL 32202

25