UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 15-1615 (JCGx)　　　　　　　　　　　　Date: April 26, 2016

Title: MATTHEW TYE, ET AL. V. WAL-MART STORES, INC., ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Goltz | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):** ORDER GRANTING IN PART MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT [29]

Before the Court is Defendants Wal-Mart Stores, Inc. and Wal-Mart Stores East, L.P.'s (collectively, "Wal-Mart" or "Defendants") Motion to Dismiss First Amended Class Action Complaint ("Motion") (Dkt. 29). The Court finds this matter appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. Having reviewed the papers and considered the parties' arguments, the Court hereby GRANTS IN PART Defendants' Motion.

**I.　Background**

**A.　Facts**

The following facts are drawn from Plaintiffs' First Amended Class Action Complaint ("FAC") (Dkt. 9).

This is a proposed class action, brought on behalf of those who purchased Wal-Mart's store-brand "Great Value Pork & Beans in Tomato Sauce" ("Product") between October 7, 2009 and the present at a Wal-Mart located in the United States ("Nationwide

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 15-1615-DOC (JCGx)                                            Date: April 26, 2016
                                                                                                                                                                Page 2

Class"). FAC ¶ 1. Plaintiffs also bring this action on behalf of five proposed sub-classes: the California Subclass, the New Jersey Subclass, the Pennsylvania Subclass, the New York Subclass, and the Illinois Subclass ("State Subclasses"). *Id.* ¶ 2. The State Subclasses are composed of individuals who purchased the Product between October 8, 2009 and the present at a Wal-Mart store located in California, New Jersey, Pennsylvania, New York, or Illinois. *Id.*

The Product is a Wal-Mart "store-brand" food product distributed by Defendants. *Id.* ¶¶ 3, 54. The Product is sold exclusively at Wal-Mart stores, including 200 Wal-Mart stores in California, 60 Wal-Mart stores in New Jersey, 136 Wal-Mart stores in Pennsylvania, 84 Wal-Mart stores in New York, and 156 Wal-Mart stores in Illinois. *Id.* ¶¶ 3, 54.

Ever since the Product was first offered to consumers, "each and every label on this Product has borne a uniformly-worded label which identifies the name of the Product in large letters as 'Great Value Pork & Beans in Tomato Sauce.'" *Id.* ¶ 55. In addition, ever since the Product was first offered to consumers, the Product's label has included the word "PORK" under the word "INGREDIENTS." *Id.* ¶¶ 56, 63. The ingredients listed on the "Great Value Pork & Beans in Tomato Sauce" label are: "prepared white beans, water, tomato puree (water, tomato paste), sugar, contains less than 2% of: high fructose corn syrup, salt, distilled vinegar, pork, baking soda, onion powder, natural and artificial flavors, spice, calcium chloride (a firming agent)." *Id.* ¶ 56.

Although the name of the Product includes the phrase "Pork & Beans" and the "ingredients section" on the label on every container of the Product lists "Pork" as an ingredient, Plaintiffs allege "rigorous scientific testing, including microscopic and chemical analysis, has revealed that the Product actually contains no pork whatsoever." *Id.* ¶¶ 4, 57.[1]

Thus, "each and every can of the Product bears a uniformly-worded label which makes the same false, affirmative statements of fact regarding whether pork is included in the Product." *Id.* ¶ 5; *see also* ¶ 64.

Defendants, as distributors, developers, exclusive sellers and/or manufacturers of Great Value Pork & Beans in Tomato Sauce, have been aware since the Product's inception that it contains no pork whatsoever. *Id.* ¶¶ 6, 59, 62. In addition, Defendants "have been fully aware for some time that in order to label its product as 'Pork & Beans,'

---

[1] According to Plaintiff, the testing upon which Plaintiffs rely was conducted in accordance with FDA Protocols and the Official Methods of the Association of Official Analytical Chemists International ("AOAC"), including the 12-sample method set forth in 21 C.F.R. §101.9(g)(2). *Id.* ¶ 58.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---:|
| Case No. SA CV 15-1615-DOC (JCGx) | Date: April 26, 2016 |
| | Page 3 |

the Product must contain at least some pork." *Id.* ¶ 60. Over fifteen years ago, the United States Department of Agriculture promulgated a written "Commercial Item Description," which specifies that any product described as "'Pork and Beans in Tomato Sauce' . . . shall contain a minimum of 12 percent ham, bacon or pork based on the weight of the smoked or fresh meat at the time of formulation." *Id.* ¶ 61.

### B. Procedural History

Plaintiffs filed suit on October 8, 2015. Complaint ("Compl.") (Dkt. 1). Plaintiffs filed the FAC on November 24, 2015, in which they bring claims for: (1) breach of warranty, (2) unjust enrichment, (3) unlawful business acts and practices in violation of California Business & Professions Code § 17200, *et seq.*, (4) unfair business acts and practices in violation of California Business & Professions Code § 17200, *et seq.*, (5) fraudulent business acts and practices in violation of California Business & Professions Code § 17200, *et seq.*, (6) misleading and deceptive advertising in violation of California Business & Professions Code § 17500, *et seq.*, (7) untrue advertising in violation of California Business & Professions Code § 17500, *et seq.*, (8) violation of the California Consumers Legal Remedies Act ("CLRA"), California Civil Code § 1750, *et seq.*, (9) California common law regarding breach of express warranty, (10) violation of the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1, *et seq.*, (11) New Jersey breach of express warranty, (12) New Jersey breach of implied contract/violation of the covenant of good faith and fair dealing, (13) violation of the New Jersey Truth in Consumer Contract, Warranty and Notice Act, N.J.S.A. 56:12–14, *et seq.*, (14) violation of the Pennsylvania Uniform Trade Practices and Consumer Protection Law, 73 P.S. 201-1, *et seq.*, (15) Pennsylvania Common Law Breach of Express Warranty, (16) Pennsylvania common law breach of implied contract/violation of covenant of good faith and fair dealing, (17) violation of New York General Business Law ("GBL") § 349, (18) violation of GBL § 350, (19) New York common law breach of express warranty, (20) violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.*, (21) Illinois common law regarding breach of express warranty, and (22) Illinois breach of implied contract/violation of covenant of good faith and fair dealing.

Defendants filed the instant Motion on January 27, 2016. Plaintiffs opposed on March 9, 2016 (Dkt. 38), and Defendants replied on April 7, 2016 (Dkt. 39).

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v.*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 15-1615-DOC (JCGx)                                                        Date: April 26, 2016
                                                                                                                                    Page 4

*Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, the court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, the court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

      Although review of a motion to dismiss is ordinarily limited to the contents of the complaint and material properly submitted with the complaint, *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002), the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Gilbraith v. Cty. of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir. 2002). This includes "internet pages as it does . . . printed material." *In re iPhone 4S Consumer Litigation*, Case No. 12-cv-1127, 2013 WL 3829653, at *6 (N.D. Cal. July 23, 2013) (citing *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005)). The court may treat such referenced documents as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

      In granting a motion to dismiss, dismissal with leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). This policy is applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (holding that dismissal with leave to amend should be granted even if no request to amend was made). Dismissal without leave to amend is appropriate when the court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

## III.   Discussion

      Defendants argue: (1) the FAC fails to plead sufficient facts to support Plaintiffs' allegation the Product's label contains material misrepresentations, both under *Iqbal* and Rule 9(b); (2) Counts I and II of the FAC fail to state a claim under any state's law; (3) Plaintiffs' nationwide class allegations should be dismissed; (4) Plaintiffs' claims are preempted by federal law; and (5) the Product's labels are not deceptive. *See* Mot. at 1. The Court will address each argument in turn.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 15-1615-DOC (JCGx)                                                    Date: April 26, 2016
                                                                                                                    Page 5

### A.     Arguments that Plaintiffs Allege Product Contains Some Pork

Defendants argue the Court should dismiss Plaintiffs' claims because they are preempted and because Plaintiffs fail to allege the Product's label is false and deceptive. Both these arguments are premised on Defendants' assumption that Plaintiffs are alleging the Product does not contain "enough pork." However, as set forth below, Plaintiffs allege the Product contains *no* pork; thus, these arguments fail.

First, Defendants argue the Court should dismiss Plaintiffs' claims as preempted by the Nutritional Labelling and Education Act ("NLEA") "to the extent Plaintiff[s] claim[] that Pork & Beans does not contain enough pork to warrant that product name." Mot. at 17. Defendants concede that "to the extent Plaintiffs' claims rely on the allegation that the product does not contain pork at all, that specific claim is *not* preempted by federal law." Reply at 10 (emphasis added). Contrary Defendants' suggestion, the FAC does not allege the Product contains insufficient pork. Rather, the FAC specifically contends Defendants have violated the laws listed above because the Product contains "no pork whatsoever." FAC ¶ 57; *id.* ¶¶ 4, 59, 62–63. As Plaintiffs emphasize in their Opposition, "[t]he basis of every state law claim pleaded in Plaintiffs' complaint relating to the nutrition label on Defendants' Product is that Defendants violated the federal labeling standards articulated in 21 U.S.C. § 331(b) and § 343(a) by falsely stating on the nutrition label that the Product contains 'pork' when, in fact, it does not contain pork." Opp'n at 24; *see also id.* at 13 ("Defendants are trying to defend by saying that the Product is not required to contain a great deal of pork. But the FAC *does not* allege that the Product contains only a small amount of pork. Rather, the complaint alleges that 'the Product contains no pork whatsoever.'") (quoting FAC ¶ 57). Because Plaintiffs allege the Product contains no pork – not that it contains insufficient pork – the Court DENIES Defendants' Motion to dismiss the FAC on the grounds that Plaintiffs' claims are preempted.

Second, Defendants argue "[t]o the extent Plaintiffs attempt to base their claims on the allegation that the product does not contain enough pork rather than no pork, Plaintiffs have failed to demonstrate that the product label is false or deceptive in any way." Mot. at 18; *see also id.* at 17. As stated above, Plaintiffs "*do not* allege that the Product contains 'enough' pork," Opp'n at 12; instead, as Plaintiffs explain throughout their Opposition, "the gravamen of Plaintiffs' factual allegation is that 'the Product contains no pork whatsoever," *id.* at 13 (quoting FAC ¶ 57) (internal quotation marks omitted), and therefore that each can of the Product bears a label that makes "the same false, affirmative statements of fact regarding whether pork is included in the Product," FAC ¶ 5; *see also id.* at 12 ("Plaintiffs' complaint is built on the basic, common sense proposition that it is misleading to the average consumer for Defendants to tell consumers

Case 8:15-cv-01615-DOC-JCG   Document 41   Filed 04/26/16   Page 6 of 11   Page ID #:354

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SA CV 15-1615-DOC (JCGx)                                                        Date: April 26, 2016
                                                                                                          Page 6

that a Product which has the word 'Pork' in its name – and which lists 'pork' as an ingredient on the label – when the Product actually contains no pork whatsoever."). Because Plaintiffs are not alleging the Product does not contain enough pork, the Court DENIES Defendants' Motion to dismiss the FAC on this ground.

### B.    Arguments Concerning the Sufficiency of the Pleadings

#### 1.    Rule 8

Defendants argue the entire FAC must be dismissed because Plaintiffs' "conclusory allegation regarding the contents of Pork & Beans and the alleged testing thereof is not 'plausible on its face' and therefore insufficient 'to raise a right to relief above the speculative level." Mot. at 4. Specifically, Defendants contend the FAC "fails to allege facts sufficient to show that they have actually tested the Pork & Beans products in a matter that would demonstrate an absence of pork." *Id.* at 6; *see also* Reply at 2. Defendants also argue Plaintiffs' allegations fail because they are, at most, "consistent with liability." *Id.* at 9. Defendants do not make any arguments concerning why Plaintiffs have failed to state specific claims; rather, Defendants generally assert Plaintiffs' FAC fails to satisfy *Twombly* and *Iqbal*.

Accepting as true Plaintiffs' well-pleaded factual allegations and construing all factual inferences in the light most favorable to Plaintiffs, the Court concludes Plaintiffs have stated claims to relief that are plausible on their face. Plaintiffs allege, *inter alia*, that although the name of the Product includes the word "Pork & Beans" and the "ingredients section" on the label on every container of the Product lists "Pork" as an ingredient of the Product, "rigorous scientific testing, including microscopic and chemical analysis, has revealed that the Product actually contains no pork whatsoever." *Id.* ¶¶ 4, 57; *see also id.* ¶ 58. The Court finds these assertions are not conclusory within the meaning of *Twombly* and *Iqbal*, but rather are sufficient at this stage in the litigation.[2] Accordingly, the Court DENIES Defendants' Motion to dismiss the FAC on this ground.

---

[2] The Court is unpersuaded by Defendants' arguments that, to satisfy *Twombly* and *Iqbal*, Plaintiffs are required to plead specific details regarding the testing of the Product (including details regarding the sensitivity of the alleged testing Plaintiffs conducted). Indeed, as Defendants explain, the authority on which Defendants rely concerns what a plaintiff must plead to avoid dismissal on *preemption* grounds. *See, e.g.*, *Salazar v. Honest Tea, Inc.*, 74 F. Supp. 3d 1304, 1313 (E.D. Cal. 2014) ("[B]ecause defendant's label statements are nutrient content claims, their accuracy must be challenged under the 12-sample test method established by 21 C.F.R. §101 (g). Yet, the Complaint does not allege plaintiff tested Honey Green Tea using this method. Consequently, the Complaint does not show that defendant's statements on the product labels violate the FDCA's labeling requirements. Because plaintiff's allegations do not show a violation of the FDCA, plaintiff's state law claims are preempted . . . .").

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 15-1615-DOC (JCGx)                                        Date: April 26, 2016
                                                                                                                              Page 7

       **2.**     **Rule 9(b)**

      Defendants move to dismiss claims 3, 4, 5, 6, 7, 8, 10, 13, 14, 17, 18, and 20 on the grounds that Plaintiff fails to plead those claims with heightened particularity as required by Rule 9(b). As was the case with Defendants' Rule 8 arguments, Defendants do not make any claim-specific arguments about why Plaintiffs have failed to satisfy Rule 9(b). Plaintiffs do not dispute these claims are subject to the requirements of Rule 9(b). *See* Opp'n at 14.[3]

      For claims sounding in fraud, a complaint must be dismissed when a plaintiff fails to meet the heightened pleading requirements of Rule 9(b). *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009); *see* Fed. R. Civ. P. 9(b). Rule 9(b) requires a plaintiff alleging such claims to "state with particularity the circumstances constituting fraud." *Id.* The "circumstances" required by Rule 9(b) are the "who, what, when, where, and how" of the fraudulent activity. *United States ex rel Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011). Further, if the plaintiff claims a statement is false or misleading, "[t]he plaintiff must set forth what is false or misleading about a statement, and why it is false." *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *In re Glenfed, Inc. Secs. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994)). In other words, the plaintiff "must set forth an explanation as to why the statement or omission complained of was false or misleading." *Cooper v. Pickett*, 137 F.3d 616, 625 (9th Cir. 1997). This heightened pleading standard ensures that "allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). However, "intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b); *see Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993).

      The Court concludes Plaintiffs' allegations satisfy Rule 9(b). Plaintiffs contend every can of Defendants' Product "makes the same, false, affirmative statements of fact regarding whether pork is included in the Product." FAC ¶ 5; *see also id.* ¶ 64 ("Defendants continue to sell the Product, with the same written, false, uniformly-worded statements on the Product label . . . in [Wal-Mart] stores throughout the United States, including California, New Jersey, Pennsylvania, New York and Illinois."). Put simply, Plaintiffs assert "it is misleading to the average consumer for Defendants to tell consumers that a Product which has the word pork in its name – and which lists pork as

---

[3] Indeed, Plaintiffs only assert the breach of warranty claims (claims 1, 9, 11, 15, 19, and 21), breach of implied contract claims (claims 7, 17, and 22), and the unjust enrichment claim (claim 2) are not subject to Rule 9(b). Opp'n at 14.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. SA CV 15-1615-DOC (JCGx) | Date: April 26, 2016 |
| | Page 8 |

an ingredient on the label – when the Product actually contains no pork whatsoever." Opp'n at 12. In support of these statements, Plaintiffs allege that, although the name of the Product on the label includes the word "Pork & Beans," *see id.* ¶¶ 4, 55, and the "ingredients section" on the label on every container of the Product lists "Pork" as an ingredient of the Product, *see id.* ¶¶ 4, 56, "rigorous scientific testing has revealed that the Product contains no pork whatsoever," *id.* ¶ 57. Plaintiffs also include a photograph of the Product label, which states the name of the Product ("Pork & Beans in Tomato Sauce"), and a photograph of the list of ingredients, which lists pork as an ingredient. *Id.* ¶¶ 55–56. Plaintiffs therefore have sufficiently alleged which statements are false or misleading, what is false or misleading about the statements, and why the statements are false.

Further, the FAC specifies the dates on which each Plaintiff purchased the Product and where each Plaintiff purchased the Product. For example, the FAC alleges:

> 10. Plaintiff [Matthew] Tye purchased the Product in a Walmart store located in the United States between October 7, 2009 and the present. Like all members of the proposed California [subclass], Plaintiff Tye purchased the product at a [Wal-Mart] store located in California between October 7, 2009 and the present.

> 11. Specifically, Plaintiff Tye purchased the Product at [Wal-Mart] Store #5641 located in La Habra, California, on various dates between October 7, 2009 and the present, including on October 2, 2015, when Plaintiff Tye purchased a can of the Product at this location. *See* Attachment A, Receipt Dated October 2, 2015.

>  . . .

> 13. Like all members of the proposed class, Plaintiff [Harry] Schmoll purchased the Product in a [Wal-Mart] store located in the United States between October 7, 2009 and the present. Like all members of the proposed New Jersey [subclass], Plaintiff purchased the Product at a [Wal-Mart] store located in New Jersey between October 7, 2009 and the present.

> 14. Specifically, Plaintiff Schmoll purchased the Product at [Wal-Mart] Store #5340 located in Cherry Hill, New Jersey, on various dates between October 7, 2009 and the present, including on August 30, 2015, when Plaintiff Schmoll purchased three cans of the

> product at this location. *See* Attachment B, Receipt dated August 30, 2015.

*Id.* ¶¶ 10–14; *see also id.* ¶¶ 15–23 (alleging when and where Plaintiffs Michael Wilcox, Craig Lamster, and Tanya Thompson Mullins purchased the Product). The FAC also includes allegations concerning Defendants' role in the alleged misconduct. For example, the photograph of the Product's label states, "DISTRIBUTED BY: Wal-Mart Stores, Inc., Bentonville, ARK 72716." *Id.* ¶ 56; *see also id.* ¶ 24 ("The uniformly-worded label on the product admits, *inter alia*, that the product was "DISTRIBUTED BY: Wal-Mart Stores, Inc."). Further, Plaintiffs allege:

> Together, Defendants Wal-Mart Stores, Inc. and Wal-Mart Stores East, L.P. (collectively, "Walmart") jointly distributed, advertised, labeled, sold and/or manufactured the [P]roduct in, *inter alia*, California, New Jersey, Pennsylvania, New York and Illinois, with each defendant jointly determining that each such container of the product would bears the name "Great Value Pork & Beans in Tomato Sauce" and would list "PORK" under the portion of the product label marked "INGREDIENTS."

*Id.* ¶ 26. Plaintiffs also contend Defendants have been aware since the Product's inception that it contains no pork whatsoever. *Id.* ¶¶ 6, 59, 62.

The Court concludes the foregoing allegations satisfy the heightened pleading requirements of Rule 9(b); the allegations are "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen*, 780 F.2d at 731. Accordingly, the Court DENIES Defendants' Motion to dismiss the claims listed above on the grounds that Plaintiffs have failed to meet the requirements of Rule 9(b).

### C.   Argument that Claims 1 and 2 Fail to State a Claim Under Any State's Law

Plaintiffs bring claims for breach of warranty and unjust enrichment (claims 1 and 2, respectively) on behalf of a nationwide class. *See* FAC ¶¶ 65–82. Defendants argue that, "by lumping together claims under the laws of all fifty states into two counts, Plaintiffs fail to state a claim for breach of warranty or unjust enrichment under the laws of any individual states." Mot. at 11. Defendants also assert Plaintiffs ignore the fact that certain states do not permit claims for breach of warranty or unjust enrichment arising out

of the sale of a product when the injuries alleged are solely economic. *Id.* In their Opposition, Plaintiffs argue they have satisfied Rule 8 and contend Defendants "are making an improper preemptive attack on class certification." Opp'n at 16–17.

Following other courts in this Circuit, the Court concludes that "until Plaintiffs indicate which States' laws support their claim[s], the Court cannot assess whether the claim[s] [have] been adequately plead[ed]." *In re Static Random Access Memory (SRAM) Antitrust Litig.*, 580 F. Supp. 2d 896, 910 (N.D. Cal. 2008). Accordingly, the Court GRANTS Defendants' Motion and DISMISSES Plaintiffs' unjust enrichment and breach of warranty claims WITHOUT PREJUDICE. *See Los Gatos Mercantile, Inc v. E.I. DuPont De Nemours & Co.,* No. 13-CV-01180-BLF, 2014 WL 4774611, at *11 (N.D. Cal. Sept. 22, 2014) ("Plaintiffs assert unjust enrichment claims under the laws of 'all states' alleged in Claims 1 and 2. No further specificity is provided in the FAC; it does not identify the relevant laws of the thirty-two states in question or attempt to set forth facts showing that claims lie under each of those laws. The Court informed counsel at the hearing that those allegations are inadequate and that Plaintiffs must identify and plead the elements of unjust enrichment for each state. Accordingly, the motion is GRANTED with leave to amend as to Claim 3."); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 586 F. Supp. 2d 1109, 1124 (N.D. Cal. 2008). If Plaintiffs re-plead these claims, they must identify which state or states' laws they rely upon.[4]

## IV. Disposition

For the foregoing reasons, Defendants' Motion is DENIED as follows:

- Defendants' Motion to dismiss all claims on the grounds that Plaintiffs have failed to satisfy *Twombly*/*Iqbal* is DENIED.

- Defendants' Motion to dismiss claims 3, 4, 5, 6, 7, 8, 10, 13, 14, 17, 18, and 20 on the grounds that Plaintiffs have failed to satisfy the heightened pleading requirements of Rule 9(b) is DENIED.

Defendants' Motion is GRANTED as follows:

---

[4] Because the Court has dismissed Plaintiffs' claims for breach of warranty and unjust enrichment, the Court need not reach Defendants' argument those claims should be dismissed because Plaintiffs are residents of California, Illinois, New Jersey, and Pennsylvania, and therefore only have standing to assert claims under the laws of those states. Mot. at 12.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 15-1615-DOC (JCGx)                                                                 Date: April 26, 2016
                                                                                                                        Page 11

- Plaintiffs' breach of warranty claim is DISMISSED WITHOUT PREJUDICE. If Plaintiffs re-plead this claim, they must identify which state or states' laws they rely upon.

- Plaintiffs' unjust enrichment claim is DISMISSED WITHOUT PREJUDICE. If Plaintiffs re-plead this claim, they must identify which state or states' laws they rely upon.

Plaintiffs may file an amended complaint **on or before May 20, 2016.**

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                                                   Initials of Deputy Clerk: djg
CIVIL-GEN